UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TONI EYLSE MCNARY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DETECTIVE AARON HAMER, )<br>)<br>Defendant. ) | Case No. 1:14-cv-01807-WTL-TAB |

**Entry Denying Defendant's Motion for Summary Judgment
and Directing Further Proceedings**

For the reasons explained in this Entry, the defendant's motion for summary judgment [dkt. 35] is **denied.**

## I. Background

Toni Eylse McNary ("Ms. McNary") brings this 42 U.S.C. § 1983 civil rights action against Detective Aaron Hamer ("Det. Hamer"). Ms. McNary alleges that Det. Hamer used excessive force, breaking her left arm, while she was being handcuffed during her arrest in Indianapolis, Indiana, in violation of the Fourth Amendment to the United States Constitution. She seeks compensatory and punitive damages.

The defendant seeks resolution of Ms. McNary's claim through the entry of summary judgment. Ms. McNary has opposed the motion.

## II. Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## III. Discussion

Det. Hamer relies solely on Ms. McNary's failure to respond to requests for admissions to establish facts in support of his defense that he did not use excessive force against Ms. McNary during her arrest. One such request, Admission No. 9, states: "On June 18, 2014, after being told she was under arrest, Plaintiff Toni Eylse McNary fought with Detective Cameron and Defendant while they lawfully attempted to handcuff and arrest Plaintiff." Dkt. 23-1. Admission No. 10 states: "On June 18, 2014, Defendant and other Indianapolis Metropolitan Police Officers used reasonable force during and after the lawful seizure, handcuffing and arrest of Plaintiff Toni Eylse McNary."

Ms. McNary has submitted a sworn declaration asserting that at the time of her arrest, she was confined in an interview room at the police department. Dkt. 47. She states that she was handcuffed and not resisting when Det. Hamer performed a leg sweep on her right knee causing pain and bruising, and then "raised his arms and forcefully struck my left forearm and broke it. I immediately fell to the ground." *Id.* at ¶¶13 and 14.

Rule 36(a)(1)(A) provides that: "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either…." While under most circumstances, a *pro se* litigant's failure to respond to requests for admissions under Rule 36 results in those statements of fact being established, requests for admissions cannot be used to establish a legal conclusion. "Rule 36 does not encompass demands…for legal conclusions." *Abdulqader v. United States,* 596 Fed.Appx. 515, 516 (7th Cir. March 20, 2015); *Perez v. Miami-Dade County,* 297 F.3d 1255, 1260 n. 12 (11th Cir. 2002) (requests for admissions that improperly call for a legal conclusion were properly stricken); *Katzman v. United States,* No. 11-C-1441, 2012 WL 601771 (N.D.Ill. Feb. 23, 2012) (requests to admit may not be used to establish legal conclusions); *Manfred v. Everett,* 2006 WL 1627062 (N.D.Ga. June 9, 2006) (requesting that plaintiff admit that defendant used reasonable force to restrain him calls for a legal conclusion which is impermissible). Here, Admission No. 10 contained no facts specifying what force was used and under what circumstances. Indeed, none of the requests for admissions describe the type of force used by Det. Hamer and the specific manner in which Ms. McNary was allegedly resisting.

In this case, the ultimate legal issue is whether or not Det. Hamer's use of force was "reasonable" under the circumstances. Courts "analyze excessive force claims under the Fourth Amendment's 'reasonableness' standard." *Becker v. Elfreich,* 821 F.3d 920, 925 (7th Cir. 2016). "A court determines whether an officer has used excessive force in effectuating an arrest based on a standard of 'objective reasonableness,' that is from 'the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Payne v. Pauley*, 337 F.3d 767, 778 (7th Cir. 2003) (*quoting Graham v. Connor*, 490 U.S. 386, 396–97 (1989)). "A police

officer's use of force is unconstitutional if, judging from the totality of circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." *Becker,* 821 F.3d at 925 (internal quotation omitted). "Our inquiry is fact specific and balances the intrusion on the individual against the governmental interests at stake." *Id.* (internal quotation omitted). "A court examines the defendant's use of force in light of the following factors: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of officers or others; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Alicea v. Thomas*, 815 F.3d 283, 288 (7th Cir. 2016) (citing *Graham,* 490 U.S. at 396). Here, the record does not establish that Det. Hamer is entitled to judgment as a matter of law.[1]

As an additional note, the Court is somewhat troubled by the fact that the defendant did not warn the *pro se* plaintiff that her failure to respond to the requests for admissions would result in having those facts admitted for purposes of this litigation. Dkt. 23. *See Jones v. McGuire,* No. 2:08-cv-2607-MCE CKD P, 2012 WL 2376290 (E.D.Cal. June 22, 2012) (declining to give effect to admissions in deciding motion for summary judgment where no warning was given to *pro se* plaintiff); *Lawson v. Diehl Machines, Inc.,* 1999 WL 325064 (N.D. Ind. April 16, 1999) (defendant gave *pro se* plaintiff warning of effect of not responding to requests for admissions and so plaintiff was bound by the admissions); *Diggs v. Keller,* 181 F.R.D. 468 (D.Nev. 1998) (failure to give warning of effect of failure to respond to admissions warranted denying motion for summary judgment and granting additional time to respond to admissions). The Court need not discuss circumstances that offset that concern in this case (*i.e.,*

---

[1] The defendant's argument that Ms. McNary's claim of excessive force is barred by her conviction of resisting law enforcement is not well-taken. Although Ms. McNary's assertion that she did not resist arrest would be barred if the resisting conviction was factually based on the altercation with Det. Hamer, her claim that Det. Hamer used excessive force is not. *See Hill v. Murphy,* 785 F.3d 242, 249 (7th Cir. 2015) ("most Fourth Amendment claims survive *Heck* [*v. Humphrey,* 512 U.S. 477 (1994)].

the Court giving the plaintiff additional time to respond after issuing an order to show cause, the defendant's notices to the Court, and plaintiff not filing any motion to withdraw the admissions), because the overriding problem with the requests for admissions is that Det. Hamer is attempting to use them to establish the ultimate legal question.

### IV. Conclusion

Ms. McNary has provided sufficient evidence to establish the existence of a genuine issue of material fact. This, coupled with the absence of admissible factual evidence presented by Det. Hamer compels the Court to **deny** his motion for summary judgment. [Dkt. 35].

### V. Further Proceedings

The Magistrate Judge is requested to set this matter for a status conference to discuss and direct the further development of this action, including settlement and/or trial.

Ms. McNary is reminded to report any change of address within seven (7) days of the change. Failure to keep the Court informed of her address could result in the dismissal of the action for failure to prosecute.

**IT IS SO ORDERED.**

Date: 8/4/16

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Toni Eylse McNary
#240544
Rockville Correctional Facility
Inmate Mail/Parcels
811 W. 50 N.
Rockville, IN 47872

Electronically registered counsel

Magistrate Judge Tim A. Baker